FRANCESCA HIRSHBACH, Appellant, *v.* JOHN E. SCHMALZ *et al.*, Respondents.

*N. Y. Supreme Court, First Department, General Term, November* 7, 1889.

1. *Contract. Reformation.*—To warrant a decree reforming a written instrument, mutual mistake, or fraud on part of one, and mistake on part of other, party, must be satisfactorily shown.
2. *Same.*—Fact that the plan of one party cannot be carried out under the contract as written, does not establish fraud by the other party.

*Edmund F. Oldham,* for appellant.

*David Leventritt,* for respondents.

VAN BRUNT, P. J.—This action was brought for the reformation of a written contract excuted by the parties hereto in January, 1887, and the specific performance thereof when reformed. The defendants, John E. and Therese Schmalz, were the owners of certain letters patent for certain machines adapted to the manufacture of cigars.

The plaintiff sought to purchase of them a portion of their respective rights, and the negotiation resulted in a written agreement dated in January, 1887. The plaintiff complains that in and from said contract there was omitted a provision for the formation of a corporation, to which said letters patent were to be assigned, and that the omission arose from a mistake of the plaintiff, of which mistake the defendants took undue and unlawful advantage, and sought by this action among other things to reform said contract by the inserting of said omitted provision.

The defendants denied that there was any omission whatever from the contract in question, but on the contrary asserted that it accorded with the intention and understanding of both parties.

This was the issue presented by the pleadings, and upon the evidence the learned judge who tried the case refused to find that there was any misunderstanding between the parties as to what the agreement should be, but upon the contrary found that the written contract set up between the parties was intended to and did express all that was agreed upon between them and consequently dismissed the complaint, and from the judgment thereupon entered this appeal is taken.

The grounds of the appeal seem to be that because it was necessary in order that the plaintiff should attain the object which he desired to reach by reason of the agreement in question, the clause claimed to be omitted should have been inserted in the agreement, and that therefore it must have been omitted by mistake of the plaintiff and the undue and unlawful advantage of such mistake taken by the defendants.

In the consideration of the evidence, the question presented upon this appeal being purely one of fact, it is necessary to have in mind the rule that written agreements entered into between parties are not to be lightly varied either by subtractions from or additions to.

To entitle a party to a decree reforming a written instrument, he must show by clearly satisfactory proof that

the parts written or omitted were so contrary to the intent of all the parties and under a mutual mistake, or that it was omitted contrary to the intent of one of the parties and the other party knew that the other party to the agreement supposed it to be therein contained, and fraudulently concealed the fact of its omission.

It is necessary that the evidence establishing these propositions should be clear and satisfactory, because otherwise the sanctity of written agreements can be destroyed by simply a preponderance of parol evidence, and a party having a written agreement would stand in no better position than one acting under a parol agreement, and where no precautions had been taken to guard against misunderstandings or omissions. Therefore, unless the evidence in this case shows clearly that the learned judge was wrong in the conclusion at which he arrived, and it is plain from the record that the contention of the plantiff is supported by clearly satisfactory evidence, the judgment in question must be affirmed.

As has already been stated, the reason upon which the plaintiff founds his claim that the evidence is clearly satisfactory that the omisson took place, is because his plan could not be carried out otherwise.

This affords no reason to conclude that the other party has been guilty of fraud in the suppression of the fact of this omission; and upon our inspection of the evidence it appears that the husband of the plaintiff, who was her agent and carried on all the negotiations which resulted in this agreement, swears that he heard the agreement read, he heard it dictated; that he made no objection to the form of the agreement, and that the question in regard to the formation of a corporation was purposely left out of the agreement, and that he knew it. And the evidence shows that the question of the formation of a corporation was discussed, and the conclusion which we must necessarly arrive at is that the provision in regard to the formation of the corporation was, as is testified to by the husband of the plaintiff, pur-

posely left to depend upon future negotiations. It is true that the witness in question modified this testimony somewhat where he says that he did not understand right from the beginning, thoroughly, what was in that agreement. But there is nothing which modifies the testimony previously given that he knew that this provision in regard to the corporation was left out of the agreement before it was executed. Under such circumstances it would certainly be a stretch of the power of the court to insert into that agreement that which apparently had been excluded from the agreement between the parties, because one of the parties found he had made a mistake in allowing it to be left out. That is not the kind of mistake which can be corrected in an action for the reformation of a written agreement.

The evidence upon the part of the defendants certainly was sufficient to rebut the claim made on the part of the plaintiffs, and the argument based upon the necessities of the plaintiff's position, the necessity of the insertion in this agreement of this provision in order that the objects sought for might be attained, adds nothing to the effect of the evidence.

This necessity was an after-thought, a discovery subsequently made. It was deemed at the time of the negotiations resulting in this agreement that the question of the formation of a corporation might be safely left for future consideration. If a mistake was made on the part of the plaintiff in this respect, the court cannot remedy the embarrassment in which at present she finds herself.

Therefore there seems to be no ground for interfering with the finding of the learned court below, and the judgment appealed from should be affirmed, with costs.

Judgment affirmed with costs.


BRADY and DANIELS, JJ., concur.